G. MARK ALBRIGHT, ESQ. (#001394)
JORGE L. ALVAREZ, ESQ. (#014466)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel:  (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com

JOE JOHN ANDREW SOLSENG, ESQ. (NBN 11717)
**SCHROETER GOLDMARK & BENDER**
810 Third Avenue, Suite 500
Seattle, Washington  98104
Tel:  206-622-8000
Fax: 206-682-2305
solseng@sgb-law.com

*Attorneys for Plaintiffs James and Pamela Coffee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES COFFEE, an Individual, and PAMELA COFFEE, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM RESORT DEVELOPMENT CORP., WORLDMARK, THE CLUB,  a California Corporation, and DOES 1 THROUGH 40, INCLUSIVE,<br><br>Defendants | CASE NO.:   2:20-CV-1352-APG-DJA<br><br>**UNOPPOSED MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES AND AMEND DISCOVERY PLAN AND SCHEDULING ORDER [ECF NO. 27]**<br><br>**[FIRST REQUEST]** |

Plaintiffs JAMES COFFEE and PAMELA COFFEE (collectively, "Plaintiffs" or the "Coffees"), by and through their respective counsel of record, hereby move this Court to extend certain discovery deadlines by 90 days and issue an Amended Discovery Plan and Scheduling Order in this matter.  This Motion is filed as unopposed because Defendants WYNDHAM RESORT DEVELOPMENT CORP. and WORLDMARK, THE CLUB, a California Corporation (collectively, "Defendants"), agree that an extension of certain discovery deadlines by 90 days is in

the interest of all parties to diligently conduct necessary discovery and will not unduly delay these proceedings, and therefore, Defendants, through their counsel, consent to the discovery extension as requested in this Motion.

This is the first request to extend the discovery deadlines in this matter.

## **MEMORANDUM AND POINTS AND AUTHORITIES**

Federal Rule 16(b)4 allows the Court to grant discovery modifications for good cause. *See also* Local Rule 26–4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir.2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) (internal citation and quotations omitted). While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.' *Coleman,* 232 F.3d at 1295 (quoting Johnson, 975 F.2d at 609). The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir.2002).

In addition, requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect. *See* Local Rule 26–4.2 The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir.2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Plaintiffs submit that good cause exists to extend certain discovery deadlines. The COVID-19 pandemic and related stay at home directives have affected both sides and their ability to conduct discovery, including depositions. In recognition of this directive, and in consideration of the discovery depositions required to be completed in this matter (including depositions requiring the

participation of individuals in higher-risk age or health categories), the parties reached an agreement that a 90-day extension to the current pretrial deadlines is necessary. In addition, the Defendants herein filed a Motion to Dismiss on or about September 16, 2020 [ECF No. 23], which seeks dismissal of each of every cause of action asserted in Plaintiff's First Amended Complaint. Plaintiffs filed an Opposition on October 13, 2020 [ECF No. 32]. Defendants filed a Reply on October 20, 2020 [ECF No. 33]. The Motion to Dismiss is fully briefed and the Parties are awaiting the Court's decision on said Motion. In light of the foregoing, the scope of discovery necessary for this action is unknown as the claims may be substantially narrowed. To save time and resources and the costs associated with discovery, the Parties only conducted limited discovery until this Court rules on the motions to dismiss. In addition, the parties will be diligent with the additional time they are provided and will endeavor to complete all necessary discovery if this extension is granted. The length of the requested extension should not result in prejudice to any party.

As it relates to the expert disclosure deadlines, the requested extension is not being made within twenty-one (21) days of the current initial expert disclosure deadline, December 10, 2020 pursuant to LR 26-4; however, good cause and excusable neglect exists. A finding of excusable neglect is warranted where the parties postpone to conduct expert discovery to save judicial resources, expert costs, and attorney's fees. *See Pac. Indem. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1098 (D. Nev. 2016)(finding excusable neglect warranted to extend expert disclosure deadlines where the parties were attempting to settle without the need to expend resources on costly expert reports but were unable to do so by disclosure deadline"). Here, the parties acted in good faith and with the joint objective to save time and fees, including expert costs as there is a pending motion that seeks to dismiss Plaintiffs' claims in their entirety and/or may substantially narrow the issues upon which discovery and expert testimony may be needed. In addition, delays caused by the COVID-19 pandemic have further impeded the parties' ability to complete expert discovery.

This is the first such extension of discovery sought in this matter. This requested extension should be granted as good cause exists and there will be no prejudice or undue delay to any of the parties.

This Motion should be granted without hearing as the Defendants do not oppose but are in agreement to extend discovery deadlines by 90 days.

## DISCOVERY COMPLETED

The Joint Discovery Plan and Scheduling Order was entered herein on September 18, 2020 [ECF No. 27]. Plaintiffs provided their Initial Disclosures on September 24, 2020, and a Supplement thereto on October 5, 2020, which included Plaintiff's computation of damages. Defendants served their Initial Disclosures on September 24, 2020. Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production of Documents to Defendants on December 23, 2020.

## DISCOVERY THAT REMAINS TO BE COMPLETED

The parties intend to serve written discovery on each other and the Parties continue to anticipate that they will be requesting to take at least 4 depositions. Defendants have expressed that they would like to take in-person depositions in this matter, thus additional time is needed in light of certain Covid-19 restrictions and preferences.

Based on the filing of the Defendants' Motion to Dismiss which seeks dismissal of Plaintiffs' entire First Amended Complaint, the Parties conducted only a limited amount of discovery to date. Based thereon, Plaintiffs seek the additional 90 days so that, should the Court deny the Motion to Dismiss, they have enough time to complete the discovery that they have largely put on hold. In addition, delays caused by the COVID-19 pandemic have further impeded the parties' ability to complete discovery.

## PROPOSED SCHEDULING ORDER

Plaintiffs propose, and Defendants have consented, that the Joint Discovery Plan and Scheduling Order [ECF No. 27] shall be amended as follows, with all other stipulations therein remaining unchanged:

    a.    Discovery Cut-Off Date: **May 10, 2021** (formerly February 8, 2021)

      b.      Amending the Pleadings and Adding Parties: This deadline has already expired and shall not be extended.

      c.      Initial Expert Disclosure: **March 11, 2021** (formerly December 10, 2020)

      a.      Rebuttal Expert Disclosure: **April 12, 2021** (formerly January 11, 2021)

      d.      Dispositive Motions: **June 9, 2021** (formerly March 10, 2021)

      e.      Pretrial Order: **July 9, 2021** (formerly April 9, 2021), unless pursuant to LR 26.1(e)(5), if dispositive motions are filed, this date will be suspended until 30 days after decision on the dispositive motions or further order of the Court.

Therefore, Plaintiffs, with the consent of Defendants, respectfully request that the Court enter an order approving the proposed discovery schedule as set forth above.

DATED this 30th day of December, 2020.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ Jorge L. Alvarez, Esq.*
G. MARK ALBRIGHT, ESQ., #1394
JORGE L. ALVAREZ, ESQ., #14466
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
T: 702.384.7111 / F: 702.384.0605
*Attorneys for Plaintiffs*

## ORDER

**IT IS HEREBY ORDERED** that the current Discovery Plan and Scheduling Order be amended as follows:

      a.      Discovery Cut-Off Date: **May 10, 2021** (formerly February 8, 2021)

      b.      Amending the Pleadings and Adding Parties: This deadline has already expired and shall not be extended.

      c.      Initial Expert Disclosure: **March 11, 2021** (formerly December 10, 2020)

      a.      Rebuttal Expert Disclosure: **April 12, 2021** (formerly January 11, 2021)

      d.      Dispositive Motions: **June 9, 2021** (formerly March 10, 2021)

      e.      Pretrial Order: **July 9, 2021** (formerly April 9, 2021), unless pursuant to LR 26.1(e)(5), if dispositive motions are filed, this date will be suspended until 30 days after decision on the dispositive motions or further order of the Court.

**IT IS FURTHER ORDERED** that requests to extend any dates set forth by this Discovery Plan and Scheduling Order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions and stipulations shall be received no later than 20 days before the discovery cut-off date, or no later than May 19, 2021, and shall fully comply with the requirements of LR 26-3. The Court reserves the right to conduct a status check conference for any requests to extend the discovery.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATE: January 15, 2021

- 6 -