G. MARK ALBRIGHT, ESQ. (#001394)
JORGE L. ALVAREZ, ESQ. (#014466)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111
F: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com

JOE JOHN ANDREW SOLSENG, ESQ. (NBN 11717)
**SCHROETER GOLDMARK & BENDER**
810 Third Avenue, Suite 500
Seattle, Washington 98104
Tel: 206-622-8000
Fax: 206-682-2305
solseng@sgb-law.com

*Attorneys for Plaintiffs James and Pamela Coffee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES COFFEE, an Individual, and PAMELA COFFEE, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM RESORT DEVELOPMENT CORP., WORLDMARK, THE CLUB, a California Corporation, and DOES 1 THROUGH 40, INCLUSIVE,<br><br>Defendants. | CASE NO.: 2:20-CV-1352-APG-DJA<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO EXTEND CERTAIN DISCOVERY DEADLINES AND AMEND CURRENT DISCOVERY PLAN AND SCHEDULING ORDER [ECF NO. 38]**<br><br>**[SECOND REQUEST]** |

Plaintiffs JAMES COFFEE and PAMELA COFFEE (collectively, "Plaintiffs" or the "Coffees") and Defendants WYNDHAM RESORT DEVELOPMENT CORPORATION and WORLDMARK, THE CLUB, a California Corporation (collectively, "Defendants"), by and through their respective counsel of record, hereby stipulate and agree, subject to this Court's approval, to extend the current discovery deadlines and amend the Discovery Plan and Scheduling

Order (ECF No. 38) by ninety (90) days. This is the second request to extend the discovery deadlines in this matter. The Parties are in agreement that the requested extension is in the interest of all parties to allow them to diligently conduct necessary discovery. The parties submit that this additional discovery extension is sought in good faith and will not unduly delay these proceedings.

Based on this Court's granting the Unopposed Motion to Extend Certain Discovery Deadlines and Amend Discovery Plan and Scheduling Order (ECF No. 38), the current discovery deadlines are as follows: Initial Expert disclosure: March 11, 2021; Rebuttal expert disclosure: April 12, 2021; Discovery cut-off May 10, 2021; Dispositive Mmotions: June 9, 2021, and the Pre-trial Order: July 9, 2021.

In compliance with LR 6-1 and 26-3, the parties submit that good cause exists to extend the above-referenced discovery deadlines by 90 days.

## DISCOVERY COMPLETED

The Joint Discovery Plan and Scheduling Order was entered herein on September 18, 2020 [ECF No. 27]. Plaintiffs provided their Initial Disclosures on September 24, 2020, and a Supplement thereto on October 5, 2020, which included Plaintiff's computation of damages. Defendants served their Initial Disclosures on September 24, 2020.

Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production of Documents to Defendants on December 23, 2020.

The parties filed an Unopposed Motion to Extend Certain Discovery Deadlines and Amend Discovery Plan and Scheduling Order on December 30, 2020 [ECF No. 36], which was granted by the Court on January 15, 2021 [ECF No. 38].

Defendants served their First Set of Interrogatories to Plaintiff and First Set of Requests for Production of Documents to Plaintiff on January 7, 2021.

Defendants responded to Plaintiff's First Set of Interrogatories and First Set of Requests for Production on Documents on February 8, 2021. Defendants served their First Supplement to Initial Disclosures on February 8, 2021, disclosing more than 1,500 pages of documents. The parties have discussed holding a meet-and-confer to discuss Defendants' responses to the First Set of Requests for Production sometime during the week of February 22, 2021.

Plaintiff responded to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents on February 8, 2021.

## DISCOVERY THAT REMAINS TO BE COMPLETED

The parties intend to serve additional written discovery on each other based on the current discovery responses. The Parties also continue to anticipate that they will be requesting to take at least four depositions, which numbers may increase as discovery continues. Furthermore, Defendants expressed that they would like to take in-person depositions of Plaintiffs in this matter, thus additional time is needed in light of certain Covid-19 restrictions and preferences as it is believed Plaintiffs are in vulnerable categories because of age.

Moreover, Plaintiffs recently requested a meet and confer with respect to Defendants' objections and responses to the First Set of Requests for Production. Defendants also intend to request a meet and confer with respect to certain of Plaintiffs' responses to written discovery. The parties anticipate that they may need to file discovery motions if an agreement cannot be reached on these issues. As such, additional time will be needed for the parties to confer on their disputes and attempt to resolve the disputes via the meet and confer requirements, then allow the court to rule on any matters in which an agreement cannot be made, and finally, in the event additional responses are required, provide those responses.

Also, Plaintiffs believe that there is insufficient time within the current discovery deadlines to resolve their objections to Defendants' responses to the First Set of Requests for Production and to enable them to comply with the current expert disclosure deadline. Based thereon, the parties agree the additional 90 days of discovery would assist them to resolve the pending discovery disputes and comply with the other discovery case deadlines.

## REASON WHY THE REMAINING DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE CURRENT SCHEDULING ORDER

Despite the parties diligence in conducting discovery to date, as set forth above, the parties recently exchanged responses to written discovery propounded on each other and have some disagreements with respect to discovery productions. The parties are currently in the process of attempting to resolve those disagreements via meet and confer requirements, but anticipate that court intervention may be needed. The parties agree that this will delay discovery process. Furthermore,

Plaintiffs believe that there is insufficient time within the current discovery deadlines to both resolve their discovery objections with Defendants, particularly if court intervention is needed, and comply with the current expert disclosure deadline which is just 21 days away. Therefore, the parties agree that an additional extension of 90 days will allow them to resolve their discovery disputes appropriately without impacting other case deadlines. The length of the requested extension should not result in prejudice to any party.

This is the second extension of discovery sought in this matter. This requested extension should be granted as good cause exists and there will be no prejudice or undue delay to any of the parties.

## PROPOSED SCHEDULING ORDER

The parties stipulated to the following new discovery deadlines:

    a.    Discovery Cut-Off Date: **August 9, 2021** (formerly May 10, 2021)

    b.    Amending the Pleadings and Adding Parties: This deadline has already expired and shall not be extended.

    c.    Initial Expert Disclosure: **June 10, 2021** (formerly March 11, 2021)

    a.    Rebuttal Expert Disclosure: **July 12, 2021** (formerly April 12, 2021)

    d.    Dispositive Motions: **September 8, 2021** (formerly June 9, 2021)

    e.    Pretrial Order: **October 8, 2021** (formerly July 9, 2021), unless pursuant to LR 26.1(e)(5), if dispositive motions are filed, this date will be suspended until 30 days after decision on the dispositive motions or further order of the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

Therefore, the parties respectfully request that the Court enter an order approving the proposed discovery schedule as set forth above.

DATED this 18th day of February, 2021.

| ALBRIGHT, STODDARD, WARNICK & ALBRIGHT | ARMSTRONG TEASDALE LLP |
|---|---|
| /s/ Jorge L. Alvarez, Esq. | /s/ Michelle D. Alarie, Esq. |
| G. MARK ALBRIGHT, ESQ., #1394 | MICHELLE D. ALARIE, ESQ. |
| JORGE L. ALVAREZ, ESQ., #14466 | Nevada Bar No. 11894 |
| 801 South Rancho Drive, Suite D4 | 3770 Howard Hughes Parkway, Suite 200 |
| Las Vegas, Nevada 89106 | Las Vegas, Nevada 89169 |
| T: 702.384.7111 / F: 702.384.0605 | T: 702.678.5070 / F: 702.878.9995 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: February 19, 2021

- 5 -

# Andrea Brebbia

| | |
|---|---|
| **From:** | Jorge Alvarez |
| **Sent:** | Thursday, February 18, 2021 4:49 PM |
| **To:** | Michelle D. Alarie |
| **Cc:** | Andrea Brebbia |
| **Subject:** | RE: Coffee v. Wyndham;  LII 26-6 Request to Meet and Confer [IWOV-IDOCS.FID3912839] |

I agree with your proposed revisions. We will file it shortly.

Jorge L. Alvarez, Esq.
Albright, Stoddard, Warnick & Albright
801 So. Rancho Dr., Suite D-4
Las Vegas, NV 89106
Phone (702) 384-7111
Fax      (702)-384-0605
jalvarez@albrightstoddard.com


**From:** Michelle D. Alarie <MAlarie@atllp.com>
**Sent:** Thursday, February 18, 2021 4:39 PM
**To:** Jorge Alvarez <jalvarez@albrightstoddard.com>
**Subject:** RE: Coffee v. Wyndham; LII 26-6 Request to Meet and Confer [IWOV-IDOCS.FID3912839]

Jorge,

Redline attached.  I changed it primarily to make it a stipulation and order.  I know the court denied the last one, but I think this one contains the "good cause" that was missing from the last one.  Let me know if you have any issues.

If you are in agreement to my changes, you have my consent to affix my e-signature for filing.

Thank you,



Armstrong Teasdale LLP
Michelle D. Alarie | Associate
DIRECT: 702.415.2946 | FAX: 702.977.7483 | MAIN OFFICE: 702.678.5070

[COVID-19 RESOURCE CENTER]

*** Please note my new email address, malarie@atllp.com ***

1

**From:** Jorge Alvarez [mailto:jalvarez@albrightstoddard.com]
**Sent:** Thursday, February 18, 2021 3:20 PM
**To:** Michelle D. Alarie
**Subject:** RE: Chavez v. Wyndham; LII 26-6 Request to Meet and Confer [IWOV-IDOCS.FID3912839]

Michelle,

Please find attached hereto the proposed motion to extend discovery deadlines. Please let me know your revisions as soon as possible so that we can file it today.

Thanks,

Jorge L. Alvarez, Esq.
Albright, Stoddard, Warnick & Albright
801 So. Rancho Dr., Suite D-4
Las Vegas, NV 89106
Phone (702) 384-7111
Fax     (702)-384-0605
jalvarez@albrightstoddard.com


**From:** Michelle D. Alarie <MAlarie@atllp.com>
**Sent:** Thursday, February 18, 2021 1:50 PM
**To:** Jorge Alvarez <jalvarez@albrightstoddard.com>
**Subject:** RE: Chavez v. Wyndham; LII 26-6 Request to Meet and Confer [IWOV-IDOCS.FID3912839]

Good afternoon Jorge,

I am available any time after 10:00 a.m. on Wednesday, February 24, 2021, for the meet and confer regarding the below issues.  Send me an invite with the time that works for you.

With respect to the discovery extension, we are agreeable to moving out all dates, including the expert disclosure.  But realistically, I don't know that 30 days will be enough if we have to file discovery motions and the court orders additional productions.  Maybe request 90 days?  Please prepare a stipulation for my review.  I believe today is the deadline to file.

Thank you,



Armstrong Teasdale LLP
**Michelle D. Alarie** | Associate
DIRECT: 702.415.2946 | FAX: 702.977.7483 | MAIN OFFICE: 702.678.5070



**\*\*\* Please note my new email address, malarie@atllp.com \*\*\***

2

**\*\*\*\*\*\*\*\*\*\* PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\*\***

This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.

Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 200 Strand, London WC2R 1DJ. Please review our International Legal Notices.

---

**From:** Jorge Alvarez [mailto:jalvarez@albrightstoddard.com]
**Sent:** Wednesday, February 17, 2021 5:27 PM
**To:** Michelle D. Alarie
**Subject:** Re: Chavez v. Wyndham; LII 26-6 Request to Meet and Confer



Good afternoon Michelle,

Please find below an outline of the meet and confer topics (relating to Wyndham's responses to Plaintiffs' RFPD"S)  I would like to discuss with you when you get a chance. Please let me know your availability in the next few days.

### Request # 3

Wyndham's training and/or sales manuals are perhaps the most relevant documents in this case. Our clients are making allegations regarding Wyndham's standardized sales practices and that pursuant to said sales practices, our clients were fraudulently induced to purchase the timeshare interests. We routinely receive these documents in timeshare cases we have litigated in arbitration.

### Requests # 5; 19; 20; 21

We believe that consumer complaints against Wyndham(including consumer complaints relating to sales practices at the Las Vegas Sales Center)  and the sales agents at issue in this case are relevant because they may reveal a pattern of sales practices similar to ones alleged in the complaint. Our clients are alleging that they were subject to a well-known and specific sales tactic "TAFT" and that the alleged misrepresentations  came as a result of said standardized business practice.  In addition, they are relevant impeachment evidence.

### Request #6

This request merely seeks documentation relating to the valuation and pricing of the timeshare interests at issue in this case. One of the main allegations in dispute is whether Wyndham timeshare interests appreciate in value over time. The requested information is relevant to determine the market value of the timeshare interests/

### Request #13

Your response indicates that Wyndham will produce documents relating to in-house timeshare exit programs. None of the documents produced relate to Wyndham's in-house exit programs such as Ovation or Wyndham Cares and/or their eligibility criteria. These documents are relevant in light of the Coffee's allegations that Wyndham refused to buy their timeshare back from them and/or that Wyndham's in-house cancellation options were not available to them.

**Request # 14**

We believe this response is deficient in light of the allegations at issue in this case.  If Wyndham has standardized procedures as it relates to selling and/or servicing timeshare interests to elderly consumers, they should be produced regardless of whether they were used for the particular timeshare product that our clients purchased. If Wyndham is taking the position that these policies were not in effect at the time the timeshare presentation took place, then the answer should be modified accordingly.

**Request # 15**

We believe that the personnel files are relevant to show the sales agents' employment history, whether the agents complied with all the annual training and licensing requirements under NRS and NAC 119A, and whether they had any internal disciplinary actions with Wyndham.  These documents are also relevant impeachment evidence to the extent they may reveal consumer complaints asserted against these sales agents. To the extent Wyndham has concerns about confidentiality and/or privacy, the protected stipulated order should be sufficient to address these concerns.

To the extent Wyndham is withholding documents asserting work-product and/or attorney-client privilege, please produce the required privilege log. We may have additional objections to Wyndham's responses and this email should not be construed as a waiver of the same. With the expert disclosure deadline rapidly approaching, I request that we meet and confer about Wyndham's discovery responses no later than February 22, 2021, if possible.  In light of the ongoing discovery dispute and the possibility that the Court will take several weeks to rule on a potential motion to compel, please let me know if you are willing to stipulate to extend the expert disclosure deadline by an additional 30 days.

Thanks,


Jorge L. Alvarez, Esq.
Albright, Stoddard, Warnick & Albright
801 So. Rancho Dr., Suite D-4
Las Vegas, NV 89106
Phone (702) 384-7111
Fax     (702)-384-0605
jalvarez@albrightstoddard.com