1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES COFFEE and PAMELA COFFEE,

    Plaintiffs

v.

WYNDHAM RESORT DEVELOPMENT
CORP. and WORLDMARK, THE CLUB,

    Defendants

Case No.: 2:20-cv-01352-APG-DJA

**Order Granting in Part Motion to Dismiss
with Leave to Amend**

[ECF No. 23]

Plaintiffs James and Pamela Coffee sue defendants Wyndham Resort Development Corp. (Wyndham) and Worldmark, The Club (Worldmark) for claims related to a timeshare the Coffees purchased while on vacation in Las Vegas in 2015.  They allege Wyndham sales representatives made false representations during the sales pitch, including that the timeshare would appreciate in value, could be rented for a profit, could be easily resold, and that Wyndham would buy it back if necessary.  The Coffees assert claims for unfair or deceptive acts in selling time shares under Nevada Revised Statutes (NRS) § 119A.710, false advertising in connection with the sale of real property under NRS § 207.171, deceptive trade practices under NRS § 598.0915, fraud, and elder abuse under NRS § 41.1395.

Wyndham and Worldmark move to dismiss, arguing that the Coffees' claims are untimely.  Alternatively, they argue the claims under § 207.171 and § 41.1395 must be dismissed because neither statute provides a private right of action.  Finally, the defendants argue that the Coffees do not plead with particularity as required for claims sounding in fraud.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion.  I grant in part the defendants' motion to dismiss, with leave to amend.

I.  ANALYSIS

   A.  Statute of Limitations

The defendants argue that it is apparent from the face of the amended complaint that the Coffees knew or should have known of their injuries shortly after they purchased the timeshare in 2015.  They argue the Coffees have strategically failed to allege the timing of facts, like when they asked Wyndham to buy back the timeshare or when their maintenance fees were raised.  The defendants contend the Coffees may not rely on their allegation that they did not learn that Wyndham's representations were false until the spoke with their attorneys in 2019 because the test is not when the Coffees learned of their legal theories, but when they knew or should have known of the facts underlying their claims.

The Coffees respond that their claims are not time-barred because they alleged in the amended complaint that they did not discover their claims until they consulted with attorneys in 2019.  They also contend the defendants incorrectly assume facts about when they discovered certain information and those assumptions should not be considered at dismissal.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted).  A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997).  A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)).  Nevada has adopted the

1  discovery rule, and thus time limits generally "do not commence and the cause of action does not

2  'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving

3  rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev.

4  1997).

5        I deny the defendants' motion to dismiss on this basis because it is not apparent from the

6  face of the complaint that the Coffees' claims are untimely.  The defendants assume the Coffees

7  must have discovered that the alleged representations were false in 2015.  But nothing in the

8  amended complaint makes that apparent.  For example, it is not clear from the amended

9  complaint when the Coffees' maintenance fees were first raised, when Wyndham refused to buy

10  back the timeshare, when the Coffees tried to sell it, or when they could not profitably rent it.

11        **B.  Section 207.171**

12        The defendants argue that there is no private right of action under § 207.171 because

13  § 207.174 provides that any action must be brought by the Nevada Attorney General or a district

14  attorney.  The Coffees respond that courts in Nevada have allowed claims to proceed under

15  § 207.171 and that false advertising under this section can be part of their claim under NRS

16  § 119A.710.

17        Section 207.171 makes it unlawful to engage in false advertising in relation to selling an

18  interest in real property.  Section 207.174 provides that violations are punishable by a civil

19  penalty, "which shall be recovered in a civil action brought in the name of the State of Nevada

20  by the Attorney General or by any district attorney." *See also* NRS § 207.176 (stating that the

21  "Attorney General or any district attorney may bring an action . . . to enjoin any violation").

22  Section 207.175 also criminalizes willful violations.  No provision allows for a private right of

23  action directly under § 207.171. *See Chavez v. Wyndham Vacation Resorts, Inc.*, No. 2:20-cv-

1 | 01222-JCM-DJA, 2021 WL 619494, at *3 (D. Nev. Feb. 17, 2021); *Stewart v. Warner Bros.*, No.

2 | 2:12-cv-01875-PMP-GWF, 2013 WL 1249603, at *2 n.1 (D. Nev. Mar. 4, 2013), *aff'd sub nom.*

3 | *Stewart v. Warner Bros. Entm't*, No. 2:12-cv-01875-PMP-GWF, 2013 WL 1249599 (D. Nev.

4 | Mar. 25, 2013).

5 |      The Coffees argue that they can still enforce violations of § 207.171 under § 119A.710.

6 | That section makes it "unlawful to engage in methods of unfair competition or unfair acts in the

7 | offer to sell or sale of a time share."  It then lists numerous types of unfair conduct, including

8 | "[a]ny act or practice considered an unfair method of competition or an unfair or deceptive act or

9 | practice under . . . NRS 207.171," among other statutes.  Section 119A.475(2) provides a private

10 | right of action for a purchaser of a time share where the developer or agent who sold it violated

11 | Chapter 119A.  Consequently, the Coffees may enforce § 207.171 through Chapter 119A.  But

12 | they may not assert an independent claim directly under § 207.171.  I therefore grant the

13 | defendants' motion to dismiss the claim under § 207.171.  If the Coffees want to amend their

14 | complaint to clarify that false advertising under § 207.171 is another basis for their claim under

15 | Chapter 119A, they may do so.

16 |      **C.  Section 41.1395**

17 |      The defendants argue that § 41.1395 does not create an independent claim for relief and

18 | instead is a means to recover enhanced damages under certain circumstances.  The Coffees

19 | respond that Nevada courts have allowed plaintiffs to assert claims under § 41.1395.

20 |      Section 41.1395(1) provides that if "an older person or a vulnerable person suffers a

21 | personal injury or death that is caused by abuse or neglect or suffers a loss of money or property

22 | caused by exploitation, the person who caused the injury, death or loss is liable to the older

23 | person or vulnerable person for two times the actual damages incurred by the older person or

1   vulnerable person."  As I have previously ruled, this statute "does not constitute an independent

2   cause of action but rather is a provision for special damages." *Borenstein v. Animal Found.*, No.

3   2:19-cv-00985-APG-DJA, 2021 WL 1035100, at *7 (D. Nev. Mar. 17, 2021); *see also Doe v.*

4   *Clark Cnty. Sch. Dist.*, No. 2:15-cv-00793-APG-GWF, 2016 WL 4432683, at *13 (D. Nev. Aug.

5   18, 2016) (citing *Findlay Mgmt. Grp. v. Jenkins*, No. 60920, 2015 WL 5728870, at *2 (Nev.

6   Sept. 28, 2015) (describing this statute as one for special damages that must be specifically

7   pleaded under Nevada law)); *Phipps v. Clark Cnty. Sch. Dist.*, 164 F. Supp. 3d. 1220, 1229 (D.

8   Nev. 2016) (referring to this section as providing "enhanced damages").[1]  Special damages must

9   be pleaded. Fed. R. Civ. P. 9(g).  Consequently, I grant the defendants' motion to dismiss in that

10   § 41.1395 does not create an independent right of action.  But I do not dismiss the special

11   damages allegations.

12   **D.  Pleading with Particularity**

13   The defendants argue that the Coffees' claims sound in fraud, so they must be pleaded

14   with particularity under Federal Rule of Civil Procedure 9(b).  They contend the amended

15   complaint fails to do so because it lumps the two defendants together without differentiating

16   which did what.  They also assert that the amended complaint does not identify the sales

17   representatives the Coffees spoke with, any information about the Coffees' attempts at renting or

18

---

19   [1] The Coffees cite two trial court orders from Nevada state courts that they contend treat
20   § 41.1395(1) as creating a private right of action.  However, it is not clear to me that the trial
     courts did so.  Rather, the defendants were liable on other claims and were liable for enhanced
21   damages under § 41.1395(1). *See Rosenberg v. Daigneau*, No. A-19-788494-C, 2020 WL
     3445173, at *3 (Nev. Dist. Ct. May 28, 2020); *Indelicato v. Cimino*, No. A-19-795953-B, 2019
22   WL 7838550, at *1 (Nev. Dist. Ct. Dec. 30, 2019).  To the extent these courts concluded that
     § 41.1395(1) creates an independent right of action, I disagree because the Supreme Court of
23   Nevada has described the statute as providing a form of special damages and has not
     characterized it as creating an independent private right of action. *Findlay Mgmt. Grp.*, 2015 WL
     5728870, at *2.

1 selling the timeshare, details around Wyndham refusing to buy back the timeshare, when and by

2 how much maintenance fees increased, or when the Coffees attempted but were unable to book

3 rooms using the timeshare.

4      The Coffees respond that they have met Rule 9(b)'s requirements because they have

5 alleged who made the misrepresentations, when and where those misrepresentations were made,

6 and why those representations were false.  They assert they do not have to allege the details that

7 the defendants identify.  They also contend that because some of that information (such as sales

8 representatives' names) is within the defendants' exclusive control, they should be granted some

9 leniency in the pleading standard.  Further, they dispute that all of their claims sound in fraud.

10 For example, their claim under NRS § 598.0918(2) requires them to show only that the

11 defendants engaged in annoying, abusive, or harassing conduct in selling the timeshare.  They

12 alternatively request leave to amend if I find their claims are inadequately pleaded.

13      A properly pleaded complaint must provide "a short and plain statement of the claim

14 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

15 550 U.S. 544, 555 (2007).  The plaintiff must "give the defendant fair notice of what the . . .

16 claim is and the grounds upon which it rests." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

17 1097, 1104 (9th Cir. 2008) (quotation omitted).  While Rule 8 does not require detailed factual

18 allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the

19 elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

20 "Factual allegations must be enough to raise a right to relief above the speculative level."

21 *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must "contain[ ] enough

22 facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (internal

23 quotation marks and citation omitted).

1    For fraud claims and claims sounding in fraud, Rule 9(b) requires a plaintiff to "state with

2 particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy*

3 *Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  This means the plaintiff must allege "the

4 who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v.*

5 *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted).  Additionally, the plaintiff must

6 allege "what is false or misleading about a statement, and why it is false." *Id.* (quotation

7 omitted).

8    Further, "Rule 9(b) does not allow a complaint to merely lump multiple defendants

9 together but requires plaintiffs to differentiate their allegations when suing more than one

10 defendant and inform each defendant separately of the allegations surrounding his alleged

11 participation in the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th

12 Cir. 2016) (quotation omitted).  Consequently, the plaintiff "must identify the role of each

13 defendant in the alleged fraudulent scheme." *Id.* (quotation omitted).

14    The amended complaint improperly lumps the two defendants together and does not even

15 meet Rule 8's fair notice requirement on this score.  The amended complaint merely identifies

16 each defendant's place of incorporation and principal place of business, and then states that the

17 two are collectively referred to as "Wyndham," without any explanation of how the companies

18 are related to each other or to the alleged misconduct. *See* ECF No. 12 at 1-2.  The amended

19 complaint then alleges "Wyndham" engaged in various misrepresentations and other misconduct

20 without identifying which defendant's agents engaged in the activity.  That does not give either

21 defendant fair notice of the bases of the Coffees' claims against them, much less meet Rule

22 9(b)'s heightened pleading standard.  I therefore grant the defendants' motion to dismiss for

23 failure to delineate the roles of the two defendants in the alleged misconduct.  But because it is

1   not clear that amendment would be futile, I grant leave to amend. *Sonoma Cnty. Ass'n of Retired*

2   *Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal

3   without leave to amend is improper unless it is clear . . . that the complaint could not be saved by

4   any amendment." (quotation omitted)).

5          Other than this defect, however, the amended complaint adequately alleges fraud with

6   particularity.  Putting aside for the moment the complications of lumping the two defendants

7   together as "Wyndham" without explanatory allegations, the amended complaint adequately

8   alleges the circumstances constituting fraud.  The Coffees allege that in August 2015, they

9   attended a sales presentation at an off-strip resort in Las Vegas conducted by Wyndham sales

10  agents. ECF No. 12 at 4.  The Coffees thus identify the who, when, and where of the alleged

11  misrepresentations.  They set forth the alleged misrepresentations, including how long the

12  presentation would last, that the timeshare would be worth more in the future, that it could be

13  rented for a profit, that it could be easily resold to third parties, that the maintenance fees would

14  not increase and would not be charged for the years the timeshare was not used to book rooms,

15  and that Wyndham would buy it back and refund them equity. *Id.*  The Coffees thus have

16  identified what was misrepresented.

17          Finally, the amended complaint alleges why these statements were false, including that

18  the one-hour presentation lasted five hours; the timeshare does not increase in value, it cannot be

19  easily resold to third parties, it cannot be rented for a profit, Wyndham refused to buy it back

20  despite the Coffees' request, maintenance fees have increased at least 35%, and Wyndham

21  charged maintenance fees even though the Coffees have not booked a room. *Id.* at 5-6.  These

22  allegations are "specific enough to give [the] defendants notice of the particular misconduct

23  which is alleged to constitute the fraud charged so that they can defend against the charge and

1  not just deny that they have done anything wrong." *United Healthcare Ins. Co.*, 848 F.3d at 1180

2  (quotation omitted).  The Coffees thus need not amend these allegations further, but I grant them

3  leave to add further factual detail if they choose to do so.

4  **II.  CONCLUSION**

5       I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 23) is**

6  **GRANTED in part**.

7       I FURTHER ORDER that by May 7, 2021, the plaintiffs may file an amended complaint

8  curing the deficiencies outlined in this order if facts exist to do so.

9       DATED this 16th day of April, 2021.

10

11
               ANDREW P. GORDON
12
               UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23